David N. Fales & another *vs.* Phinehas Stone & others
William Jones *vs.* Phinehas J. Stone & others.

Several defendants, in an action for a tort, who had pleaded jointly in the common pleas, pleaded severally in this court, and filed a joint specification of defence *Held*, upon a nonsuit of the plaintiffs, that the defendants were entitled only to joint costs in the common pleas, but to several costs for travel and attendance in this court. *Held also*, that an aliquot part of the cost for witnesses, court dues, &c. might be taxed for each defendant, or that those items might be otherwise so distributed that.

taking them together, the plaintiffs should be charged no more than if the defendants had recovered only joint costs.

When several defendants, who are entitled to several costs, appear by one and the same attorney, the *St.* of 1842, *c.* 67, does not prohibit the taxing of the attorney's attendance for each defendant.

Three defendants, who were sued in an action for a tort, pleaded severally : At the trial, a nonsuit was entered, subject to the opinion of the whole court : One of the defendants then died, and the whole court afterwards confirmed the nonsuit, and awarded several costs to the surviving defendants : The administrator of the deceased defendant then filed a petition that costs might be allowed to him, as such administrator, and that a judgment might be rendered therefor : Notice of this petition was served on the original plaintiffs, and they appeared and showed cause. *Held,* that no right to costs vested in the deceased defendant, in his life time ; that the suit, as to him, was abated by his death ; and that the petition could not be supported. *Held also,* that the respondents (the original plaintiffs) were entitled to costs on said petition, and to a judgment therefor against the administrator, *de bonis propriis.*

SHAW, C. J. These were suits commenced in 1840, the first charging three defendants, to wit, Phinehas Stone, Phinehas J. Stone and Silas Stone, and the second charging the same defendants and Amos Stone, in case, for obtaining goods of the plaintiffs by false pretences, in nature of conspiracy. One was brought to trial at November term 1841. After the plaintiffs had finished their case, the judge, on motion of the defendants, and without objection on the part of the plaintiffs, directed a nonsuit, subject to the opinion of the whole court on a case to be reported ; and the other action was continued, to abide the event of the former. On the 2d of March 1842, Silas Stone died. On the 20th of March 1843, the court, after argument, confirmed the nonsuit, and ordered judgment for the defendants for costs. On the 30th of the same March, the plaintiff in the other action discontinued, whereupon the defendants had a judgment for costs.

The question is, whether the surviving defendants are entitled to several costs, and if so, to what costs. It has been contended for the plaintiffs, that as the defendants joined in their plea in the court of common pleas, and filed, in this court, but one bill of particulars, although they severally pleaded the general issue, yet they are entitled to one bill of costs only. But we think the point is now settled by authorities and practice, that when, in an action founded on tort, the defendants severally plead the general issue, and

27 *

two or more prevail, they are severally entitled to costs. *Mason* v. *Waite*, 1 Pick. 456. *West* v. *Brock*, 3 Pick. 303. Nor does it, in our judgment, make any difference, that the defendants united in filing a bill of particulars. It is the plea that governs the judgment.

But as to the amount of the costs, the court are of opinion that they can tax one bill of costs only, in the court of common pleas, where they pleaded jointly, but are entitled to several costs from and after the time of pleading severally in this court. This, however, is to apply to travel and attendance only; for witnesses' fees, court dues, and other expenses incurred, an aliquot part may be taxed in favor of each defendant, or they may be otherwise so distributed, that, taking them together, the plaintiffs shall be charged no more than if the defendants had recovered a joint bill of costs.

In regard to attendance, it was contended, on the authority of *St.* 1842, *c.* 67, that several attendance should not be taxed, because the several defendants appeared by one attorney. But this, we think, is not a sound construction. Several defendants, in the same suit, may appear by one and the same attorney, as well as defendants in several different suits. The attendance fee is not put at a rate to compensate an attorney for actual attendance in each case, but is regulated, we presume, by the assumption, that an attorney, in common practice, will attend for several different persons, and that the aggregate will afford him a reasonable compensation.

*Judgments for several costs*

*A. Cushing*, for the defendants.

*Brigham*, for the plaintiffs.

---

In the course of March term 1843, at which the above judgments were rendered, to wit, on the 20th of June, a petition was filed by Phinehas Stone, as administrator of the estate of Silas Stone, deceased, setting forth, that on the 6th of the said June, he was appointed such administrator, and also alleging the other facts above stated, and praying a judgment against the plaintiffs, in both these cases, for costs

Notice to show cause was ordered to the respondents, the original plaintiffs, who came in, and the parties were heard.

SHAW, C. J. The court are of opinion, that the petitioner, as administrator of Silas Stone, is not entitled to a judgment for costs. At common law, the suit abated, by the death of Silas Stone, as to him. An administrator can come in, and prosecute or defend, only by statute ; and no statute extends to such a case. By the Rev. Sts. *c.* 93, § 12, the suit must be prosecuted by or against the survivor or survivors. The administrator could not place himself, or be placed, in a condition to become a party to the suit, and could not, therefore, recover costs as a prevailing party. No judgment could ever have been rendered against the administrator, had he been cited, or even voluntarily offered, to come in and defend.

But it is intimated, that by the nonsuit, a right became vested in the intestate to recover costs, and that, though the administrator was not appointed till after judgment in the suit, yet his authority relates back, and will enable him, by a judgment *nunc pro tunc*, or otherwise, to avail himself of such right.

Had the right become so vested, at the time of the death of the intestate, there would have been some force in the argument ; but we think it was not so. It is true that a nonsuit had been then ordered, but it was provisional only ; it was subject to the opinion of the whole court, on a case embracing the entire merits. It was therefore but a step in the cause. Suppose, instead of the nonsuit being confirmed, it had been set aside, a new trial ordered, and a verdict and judgment against the defendants ; could the intestate, Silas Stone, or his estate, have been in any way implicated in that suit, or bound by that judgment? We think not. The cause stood continued, and his rights were dependent upon the future action and judgment of the court. By his decease before any such judgment, he was wholly withdrawn from the cause, and from the jurisdiction of the court.

But it is said, that the subsequent judgment of the whole court, affirming the nonsuit, shows that it was right when it was entered. This is true, but it does not alter the result, in

this respect.   Every judgment for a plaintiff shows that he had a good cause of action when he commenced it; but his judgment cannot, for that reason, relate back.   The true answer, we think, is, that the nonsuit was not an effectual proceeding, upon which a judgment for costs could be entered, till after the decease of the intestate under such circumstances that his administrator could not be compelled or allowed to become a party.   The result is, that the intestate was not, at the time of his decease, entitled to costs which the petitioner can claim as a right vested in the intestate; nor did the petitioner, nor could he, become a party, so as to claim costs in his own right.                    *Petition dismissed.*

After this decision, the respondents moved for costs on the petition, which motion was opposed by the petitioner.

SHAW, C. J.   On this motion two questions arise.   *First*, whether the respondents are entitled to costs.   *Second*, if so, whether the judgment for costs shall go against the petitioner *de bonis propriis,* or *de bonis intestati.*

1. The court are of opinion that the respondents are entitled to their costs.   By the Rev. Sts. *c.* 121, § 20, in all civil suits and proceedings in which no provision is expressly made by law, the subject of costs is declared to be wholly in the discretion of the court.   Under this provision, this seems to be a case fully within the power of the court; and under all the circumstances, we think the costs ought to be allowed. The suit was entirely at an end; the intestate's estate was discharged from all liability, from the time of his decease. The petition was a proceeding instituted for the purpose of recovering money for the estate; and although the administrator might think that there was good ground to proceed, yet it was commenced at the same peril at which an original suit would have been commenced, namely, that of payment of costs in case of failure.

2. The court are also of opinion, that the respondents are entitled to a judgment against the petitioner, *de bonis propriis.* The distinction is stated in *Healy* v. *Root,* 11 Pick. 389, a case which puts the subject on its true grounds.   When a suit has

been commenced by or against one, in his life time, who dies pending the suit, and the administrator comes in to prosecute or defend, he acts simply in his representative capacity, in finishing a suit already begun. But in commencing a new suit, he has a discretion and judgment to exercise; it is his own act; and if he fails, the defendant shall have judgment against him personally, as against any other litigant. At the same time, it is proper to add, that if it is apparent to the judge of probate that the administrator acted in good faith, for the benefit of the estate, the costs paid by him may be allowed in his probate account, as an expense properly incurred in the execution of his office.

One reason for the distinction between a suit already pending, and one commenced by the administrator himself, is, that in the former case part of the costs are incurred in the life time of the deceased, and therefore judgment could not be rendered against the administrator *de bonis propriis*, without charging him personally with the debt of his intestate — which would be unjust — or entering two judgments, which would be irregular.

In testing the present case by the rule laid down in *Healy v. Root*, it appears to us that both in substance and in form, it is analogous to a suit commenced by the administrator to recover money for the estate. The administrator, had he been seasonably appointed, could not be a party to defend with the survivors. The suit was at an end, by a judgment in favor of the survivors for costs. It was a new proceeding by petition, requiring a new summons to bring the party into court, to show cause why a further judgment should not be rendered for his intestate. Looking, therefore, as well to the object as to the form of the proceeding, it was one depending on the will and act of the administrator to commence, or not, as he might judge it to be most for the benefit of the estate which he represented, in the nature of an original suit.

*Costs for the respondents.*

*Choate*, for the petitioner.
*Brigham*, for the respondents.